IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JESSICA PARKER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | |
| ) | |
| COMMUNITY ACTION OF ETOWAH ) | JURY DEMAND |
| COUNTY ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; through 42 U.S.C. Section 1981. Plaintiff filed two EEOC Charges that are the basis of this litigation, and the EEOC issued two Letters of Determination finding Defendant discriminated and retaliated against Plaintiff.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331,

1

1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

4. Defendant, Community Action of Etowah County is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

### III. PARTIES

5. Plaintiff Jessica Parker is an African-American female, a citizen of the United States, and a resident of the State of Alabama.

6. Defendant hired Plaintiff on or around August 31, 2009 at $8.00 an hour as a Weatherization Assistant Coordinator to assist the Weatherization Coordinator, Tracey Rhodes, a male.

7. Defendant hired a white female, Kristina Taylor, at the same time it hired Plaintiff into a position requiring the same knowledge, skills and abilities as Plaintiff, and she was not as qualified as Plaintiff, but Defendant paid her

higher wages than Plaintiff.

8. Weatherization Coordinator Rhodes resigned his employment on October 15, 2010.

9. Plaintiff began reporting to Executive Director Gary O. Lewis, an African-American male.

10. Plaintiff took over the work Weatherization Coordinator Rhodes had been performing; however, Defendant refused to pay Plaintiff for doing that work.

11. Plaintiff filed an EEOC Charge against Defendant on January 26, 2011 alleging pay discrimination, and the charge specifically mentioned Executive Director Lewis by name.

12. Shortly after Defendant received Plaintiff's EEOC Charge, Executive Director Lewis issued a non-legitimate Employee Warning Notice to Plaintiff on March 28, 2011.

13. The EEOC continued to investigate Plaintiff's EEOC Charge, and on November 3, 2011, Executive Director Lewis issued a warning to Plaintiff for insubordination stating as follows:

> Employee authorized Lapsley Heating and Air to Clean and Tune HVAC System at her own home under the name of the Agency by giving owner, Charlie Lapsley, an unsigned "Authorization To Proceed" letter. The work was never authorized by the Executive Director, the Executive

        Director never authorized the contractor to proceed. Employee has been verbally warned not to allow contractors to begin work until the "authorization to Proceed" letter has been signed/approved by the Executive Director.

14. Contrary to Defendant's position, The American Recovery and Reinvestment Act Authorization to Proceed form for the work to be done on Plaintiff's home was signed and approved by Executive Director Gary Lewis on October 6, 2011.

15. Plaintiff disagreed with this warning stated that it was not correct and was done in retaliation for her filing an EEOC Charge, which was currently under investigation by the EEOC.

16. On November 10, 2011, Executive Director Lewis terminated Plaintiff stating that she had authorized work to be done on her own home, and she had a criminal charge against her triggering Section 4.13 of the Policy and Procedure Manual.

17. Neither of Defendant's articulated reasons for terminating Plaintiff are legitimate.

18. Male employees and white employees have engaged in nearly identical conduct and have not been disciplined or discharged.

19. Defendant's articulated reasons for terminating Plaintiff are false and a pretext

for discrimination and/or retaliation.

20. On December 27, 2011, Plaintiff filed another EEOC Charge concerning the discharge.

21. On September 27, 2012, the EEOC issued a Letter of Determination on the merits of Plaintiff's EEOC initial Charge finding Defendant had discriminated against Plaintiff. The EEOC found as follows:

> I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute has occurred.
>
> Specifically, the evidence indicates that the male employee performing the same or similar job under the same circumstances was getting paid more wages than the Charging Party. Documentary and testimonial evidence establishes that the Charging Party was performing the same duties as her comparator. The evidence establishes that although they had different titles, they performed substantially the same duties and the similarly-situated male earned substantially higher wages than Charging Party. Witness statements further establish that Tracey Rhodes performed assessments, final inspection and administrative reports. Testimonial and documentary evidence indicates that Charging Party also performed those duties. Evidence further indicates that prior to assuming the responsibility of preforming the duties of the weatherization coordinator, the Charging Party was performing the same or similar duties as the younger White female employee; however, Charging Party was paid less wages.

22. On December 27, 2012, Defendant issued a second Letter of Determination

finding that Defendant had retaliated against Plaintiff because she had filed a Charge of Discrimination against Defendant.

## IV.  CAUSES OF ACTION

### Count I – Race Discrimination

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail below.

24. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

25. During her employment, Defendant discriminated against Plaintiff because of her African-American race by taking adverse employment actions against her up to and including suspending her without pay and terminating her employment.

26. Defendant's articulated reasons for these adverse employment actions are not legitimate.

27. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

28. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment,

injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

29. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count II – Gender Discrimination**

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail below.

31. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

32. During her employment, Defendant discriminated against Plaintiff because of her female gender by taking adverse employment actions up to and including suspending her without pay and terminating her employment.

33. Defendant's articulated reasons for these adverse employment actions are not legitimate.

34. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

35. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment,

injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

36. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count III – Retaliation**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 above with the same force and effect as if fully set out in specific detail herein below.

38. Plaintiff brings this Count Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by 42 U.S.C. §1981a, and 42 U.S.C. §1981.

39. Plaintiff participated in protected activity by filing an EEOC Charge complaining of discrimination, participating in the EEOC investigative process and opposing conduct made unlawful under Title VII and 42 U.S.C. §1981.

40. After Plaintiff complained of discrimination and participated in protected conduct, as a causal result of such protected acts, Defendant subjected Plaintiff to material adverse actions including disciplining her and terminating her employment.

41. Defendant has failed to articulate a legitimate non-retaliatory reason for taking the above described actions against Plaintiff.

42. Defendant engaged in the retaliatory practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## V. DAMAGES

43. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, and 42 U.S.C. Section 1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, and 42 U.S.C.

Section 1981.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a, 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of race discrimination and retaliation or awarding her front pay, awarding her back-pay (plus interest), nominal damages, liquidated damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Jon C. Goldfarb asb-5401-f58j
Daniel E. Arciniegas asb-7809-d67a
L. William Smith asb 8660-a61s
Sean I. Goldfarb asb-3343-f03z
Counsel for Plaintiff

**OF COUNSEL:**

Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**

Community Action of Etowah County, Inc.
109 South 95th Street
East Gadsden, AL 35903

11